**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EDWARD FRANCOIS | : | CIVIL ACTION NO.: 3:20-cv-00770-JCH |
| v. | : | |
| SUMMER POOLE | : | AUGUST 5, 2020 |

**REPORT OF THE PARTIES' PLANNING MEETING**
**PURSUANT TO FED. R. CIV. P. 26(f)**

**Date Complaint Filed:** June 3, 2020

**Date Complaint Served:** June 4, 2020

**Date of Defendant's Appearance:** June 22, 2020

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on **July 20, 2020**. The participants were:

*For Plaintiff Edward Francois*:

By: Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhallmanlaw.com

*For Defendant Summer Poole:*

By: Stuart Margolis (ct08803)
Berdon, Young & Margolis, P.C.
350 Orange Street, 2nd Floor
New Haven, CT 06511
Tel.: 203-772-3740
Stuart.margolis@bymlaw.com

Following the foregoing conference, the parties prepared this Rule 26(f) report for the Court's consideration.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. *Subject Matter Jurisdiction*. Plaintiff claims jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a resident of New York and Defendant is a domiciliary of Connecticut and the amount in question is greater than $75,000 exclusive of interest and costs. Defendant contests subject matter jurisdiction in her Motion to Dismiss (docket entry 13) on the grounds that there is no diversity of citizenship between the parties because Connecticut is the domicile of both the Plaintiff and the Defendant. The Defendant also seeks dismissal based on the domestic relations exception or the Colorado River abstention doctrine, and absent dismissal seeks stay pending resolution of the state court dissolution action.

B. *Personal Jurisdiction*. Defendant does not contest personal jurisdiction.

## III. BRIEF DESCRIPTION OF CASE

A. *Claims of Plaintiff.* Plaintiff and Poole are married to each other. Plaintiff is a licensed medical doctor who, until 2016, had a successful medical practice. In 2015, Plaintiff became extremely ill with Intervascular Lymphoma and required extensive

medical treatment. On January 15, 2016, Poole filed a Petition For Conservator (the "Petition") seeking to become Conservatrix of the Person and Conservatrix of the Estate of the plaintiff, Edward Francois. At that time, Plaintiff and Defendant were parents of Ocean Francois, a minor child. In the Petition, Poole represented to the Probate Court that the Plaintiff's medical condition rendered him unable to manage his own affairs.

On March 2, 2016, the Probate Court appointed Poole as Conservatrix of the Person and Conservatrix of the Estate of the Plaintiff. As such, Poole owed Plaintiff a fiduciary duty pursuant to Conn. Gen. Stat. §45a-77(h) and the Connecticut Standards of Practice For Conservators. More specifically, conservators of the estate of a person are required to (a) manage the finances of the conserved person solely for the benefit of the conserved person; (b) to give priority to the goals, needs and preferences of the conserved person; (c) to manage the finances of the conserved person in a way that maximizes these dignity, independence and self-determination of the conserved person; (d) manage the conserved person's investments in accordance with the Prudent Investors Act, Conn. Gen. Stat. §45a-541 *et seq*; and to (e) keep the conserved person's funds separate from the conservator's own funds.

On July 12, 2016, while Plaintiff was in hospice, Poole purchased a new house at 10 Oakwood Drive, Guilford, CT (the "Property") and caused Plaintiff to incur an obligation of approximately $417,000.00 for the Note used to purchase the Property without approval of the Probate Court. To make matters worse, upon Plaintiff's release from hospice, Poole moved Plaintiff to New York on or about June 1, 2018 and would not permit him to reside in his own house. Moreover, Poole refused to provide adequate

funds for Plaintiff's rent. Thus, from June 2018 to April 2019, Plaintiff's rent and living expenses were paid by Plaintiff's parents.

Without Plaintiff's knowledge or consent, Poole artificially inseminated herself with Plaintiff's sperm resulting in a birth of Plaintiff's second child at a time when, as a result of Plaintiff's medical condition, Poole knew Plaintiff would have difficulty supporting this child.

During her time as Conservatrix, Poole has systematically withdrawn funds from the Plaintiff's securities accounts to use for her benefit while neglecting the needs of the Plaintiff. Poole also used funds from their joint account to pay an attorney for Poole as Conservatrix who advocated misappropriation of Plaintiff's life insurance policies.

Poole as Conservatrix also mishandled the necessary filings for Plaintiff's disability benefits under a disability income policy with The Standard resulting in an alleged overpayment of $134,137.50. This alleged overpayment is currently being withheld by The Standard from disability benefits otherwise due to the Plaintiff.

By check #125, the Defendant took $40,000 of the Plaintiff's funds and placed it in her own Scottrade account without approval of the Probate Court. On September 18, 2018, the Defendant withdrew $33,418 from Plaintiff's securities account to use for her own purposes without approval of the Probate Court. On January 14, 2019, even after her removal as Conservatrix, Defendant withdrew an additional $17,364.50 from Plaintiff's securities account to use for her own purposes without approval of the Probate Court.

B. *Claims or defenses of Defendant.* The Defendant Summer Poole denies that she acted imprudently or against her husband's interests. The defendant's conduct

was according to her husband's wishes and for the good of their family. The Defendant denies that she breached any fiduciary duty to the Plaintiff, she denies that she acted negligently, and she denies theft.

The parties were married on July 4, 2013. In 2014 the plaintiff became seriously ill. It became apparent to the defendant that the plaintiff's ability to care for himself and his affairs was severely compromised, and on January 12, 2016 the defendant filed a petition for appointment of conservator in the Hamden – Bethany Probate Court.

On March 2, 2016 the Honorable Edward C. Burt, Jr. of the Hamden – Bethany Probate Court entered a decree / appointment of conservator, naming the defendant as the conservatrix of the plaintiff's person and estate. In the decree / appointment of conservator, Judge Burt made a finding of fact that the plaintiff was diagnosed at Yale New Haven Hospital with plasma cell dyscrasia / multiple myeloma with lgG Lambda encephalopathy, and that as a result of his medical condition, the plaintiff needed help with activities of daily living, such as preparing meals, taking medication, shopping, and managing money. Judge Burt further made a finding of fact that, by sufficient clear and convincing medical and other evidence, the plaintiff had a mental, emotional or physical condition that resulted in him being unable to receive and evaluate information or make or communicate decisions to such an extent that he was unable, even with appropriate assistance, to perform the functions inherent in managing his affairs and property.

In April / May of 2017 hospice care became necessary for the plaintiff, and it appeared that his life expectancy was six months or less. In July of 2016 the plaintiff and the defendant purchased a home 10 Oakwood Drive in Guilford, Connecticut, and the property at 1080 Whitney Avenue in Hamden, Connecticut became a rental property. The

plaintiff's condition improved while in home hospice care while living with at his Guilford home with his children and the defendant.

In May / June of 2017 the plaintiff decided to stop all medication and chemotherapy. In June of 2017 the defendant took seven months off from work to care for plaintiff around the clock at home. In late 2017 the plaintiff went into partial remission while in home hospice care in Guilford. However, the plaintiff refused to take prescribed antipsychotic medications and was hospitalized at Yale in June / July of 2018 for several weeks, due to physical aggression toward his health care worker and for severe paranoia.

The plaintiff's presence at the home in Guilford, Connecticut in June / July of 2018 made it unsafe for the defendant and their children. In June / July of 2018 the defendant thought it was best to let the plaintiff temporarily stay in New York with his parents rather than be institutionalized at Connecticut Valley Hospital. Id. The plaintiff has been residing with his parents since June / July of 2018, although he has made it absolutely clear he has no intention of staying in New York and every intention of returning to Connecticut to be closer to his children.

## IV. STATEMENT OF UNDISPUTED FACTS

Plaintiff and Poole are married to each other. Plaintiff is a licensed medical doctor who, until 2016, had a successful medical practice. In 2015, Plaintiff became extremely ill with Intervascular Lymphoma and required extensive medical treatment. On January 15, 2016, Poole filed a Petition For Conservator (the "Petition") seeking to become Conservatrix of the Person and Conservatrix of the Estate of the plaintiff, Edward Francois. At that time, Plaintiff and Defendant were parents of Ocean Francois,

a minor child. In the Petition, Poole represented to the Probate Court that the Plaintiff's medical condition rendered him unable to manage his own affairs. On March 2, 2016, the Probate Court appointed Poole as Conservatrix of the Person and Conservatrix of the Estate of the Plaintiff.

## V. CASE MANAGEMENT PLAN

Plaintiff and Defendant request a conference pursuant to Fed. R. Civ. P. 16(b). Plaintiff wishes to proceed with discovery. Defendant seeks to stay discovery pending resolution of the Motion to Dismiss, which is based on lack of subject matter jurisdiction due to lack of diversity of citizenship between the parties, as Connecticut is the domicile for both. There is a pending dissolution action where the Connecticut state court is more than capable of resolving the issues alleged in the complaint in this action. This matter should be dismissed on the alternate grounds of the domestic relations exception or the Colorado River abstention doctrine. Absent dismissal, the court should stay this action pending resolution of the dissolution action

The parties are willing to have an early settlement conference with a United States Magistrate Judge if the Plaintiff can obtain the necessary financial records. Defendant does not object to Plaintiff serving third-party record subpoenas as set forth in Exhibit A.

**PLAINTIFF**
**EDWARD FRANCOIS**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhallmanlaw.com

**DEFENDANT**
**SUMMER POOLE**

By: /s/ *Stuart Margolis*
Stuart Margolis (ct08803)
Berdon, Young & Margolis, P.C.
350 Orange Street, 2nd Floor
New Haven, CT 06511
Tel.: 203-772-3740
Stuart.margolis@bymlaw.com

**DECLARATION OF SERVICE**

I hereby certify that on this 5th day of August, 2020, a copy of the foregoing was filed and served upon counsel electronically by operation of the court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

THE DEFENDANT:
SUMMER POOLE

By___/s/ Stuart Margolis__________
Stuart Margolis, ct08803
Berdon, Young & Margolis, P.C.
Attorney for Plaintiff
350 Orange Street, 2nd Floor
New Haven, CT 06511
Phone: 203-772-3740
Fax: 203-492-4444
Email stuart.margolis@bymlaw.com