UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD FRANCOIS,<br>    Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:20-CV-770 (JCH) |
| v. | : <br> : | |
| SUMMER POOLE,<br>    Defendant. | : <br> : | NOVEMBER 13, 2020 |

**RULING ON DEFENDANT'S MOTION TO DISMISS (DOC. NO. 13)**

**I.     INTRODUCTION**

Plaintiff Edward Francois ("Francois") brings this action against his wife, Summer Poole ("Poole"), alleging state law claims for breach of fiduciary duty, negligence, and theft. Francois invokes this court's federal diversity jurisdiction pursuant to section 1332 of title 28 of the United States Code.

Poole moves to dismiss Francois's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that there is no diversity of citizenship because both she and Francois are citizens of Connecticut. Motion to Dismiss or for Stay ("Mot.") (Doc. No. 13) at 1.

For the reasons set forth below, Poole's Motion to Dismiss is granted.

**II.    BACKGROUND**

Francois and Poole are married to each other but, as of the filing of Francois's Complaint, they are in the process of dissolving their union in Connecticut Superior Court. See Complaint ¶ 6 ("Compl.") (Doc. No. 1); Family Court Docket Sheet, Exhibit A to Mot. (Doc. No. 13-5). They have two minor children who live in Connecticut. See Compl. ¶ 9, 14; see also Motion for Parenting Time – Pendente Lite, Exhibit I to Mot.

1

¶¶ 1, 3 ("Exhibit I to Mot.") (Doc. No. 13-13) (indicating that the parties' two minor children live in Connecticut).

In 2008, Francois purchased a residence in Hamden, Connecticut.  Warranty Deed, Exhibit D to Mot. ("Exhibit D to Mot.") (Doc. No. 13-8); see also Declaration of Edward Francois ¶ 4 (Doc. No. 20-1) (describing the Hamden property as his "former residence").  Francois and Poole lived in this house during their marriage.  See Motion for Order Exclusive Possession of 1080 Whitney Avenue Property Pendente Lite, Exhibit J to Mot. ¶ 7 ("Exhibit J to Mot.") (Doc. No. 13-14) (describing the Hamden property as "the marital residence").  Prior to purchasing the Hamden property in 2008, Francois lived in West Hartford, Connecticut.  See Exhibit D to Mot. at 1.

Francois is a medical doctor who, until 2016, was licensed to practice as a physician and surgeon in Connecticut.  Compl. ¶ 7; see also Opposition (Doc. No. 20) at 84-85 (Exhibit K).  Francois was also licensed to prescribe controlled substances in Connecticut until the license lapsed in 2017.  Opposition at 86-87 (Exhibit L).  This license was first issued to Francois by the State of Connecticut in 2004.  Id.

In 2015, Francois was diagnosed with Intervascular Lymphoma, a severe illness that required extensive medical treatment.  Compl. ¶ 8.  On January 15, 2016, Poole filed a Petition in the Hamden-Bethany Court of Probate seeking to become Conservatrix of the Person and Estate of Francois.  Compl. ¶ 9.  In the Petition, Poole represented to the Probate Court that Francois's medical condition rendered him unable to manage his own affairs.  Compl. ¶ 10.  The Probate Court granted Poole's Petition on March 2, 2016.  Compl. ¶ 11; see also id., Exhibit B to Compl. (Doc. No. 1-2).

On July 12, 2016, Poole purchased a house in Guilford, Connecticut using Francois's conserved funds. See Compl. ¶ 12. Poole lives in this house. Compl. ¶ 2.

On March 23, 2017, Poole moved the Probate Court to transfer to her title in Francois's Hamden property. Opposition at 19-20 (Exhibit C). The Probate Court granted Poole's motion on June 14, 2017. Id. at 21. The property is now leased to a third party. Declaration of Edward Francois ¶ 4; see also Opposition at 73-83 (Exhibit J).

On June 1, 2018, after a period of time in hospice care, Poole relocated Francois from Connecticut to New York, where he now lives with his parents. See Compl. ¶ 13; see also Emergency Motion for the Removal of Involuntary Conservator, Exhibit F to Mot. at 2 ¶ 5(b) ("Exhibit F to Mot.") (Doc. No. 13-10) ("Ms. Pool [sic] moved Mr. Francois from his home in Connecticut to his parent's [sic] house in New York."); Declaration of Edward Francois ¶ 6 ("I must reside at my parents' house for the foreseeable future."). Having lived there for more than two years, Francois is registered to vote in New York, has a New York driver's license, and receives mail at his New York address. Opposition at 4.

On June 3, 2020, Francois filed his Complaint against Poole seeking damages for breach of fiduciary duty, negligence, and theft. See Compl. On July 24, 2020, Poole filed a Motion to Dismiss or for Stay. Among other things, Poole's Motion argues that the court should dismiss Francois's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction. Mot. at 1. Poole contends that subject matter jurisdiction is lacking in this case because both she and Francois are citizens of Connecticut. Id.; see also Memorandum of Law in Support of

Mot. (Doc. No. 13-1) at 1-2, 9-18.  On September 23, 2020, the court granted Poole's Motion insofar as it sought a stay of the action "because of the serious question going to whether there is federal jurisdiction in this case."  Order (Doc. No. 23).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence.  Id.  In determining whether to dismiss for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint."  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).  However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Id.  In assessing a Rule 12(b)(1) motion, a court "may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing."  Zappia Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

Federal district courts have original jurisdiction over "all civil actions 'between citizens of different States' where the amount in controversy exceeds $75,000."  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (ellipsis omitted) (quoting 28 U.S.C. § 1332(a)(1)).  Individuals are considered citizens, within the meaning of the diversity statute, of the state where they are domiciled.  Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).  An individual's domicile is the place where he has his "true fixed home and principal establishment, and to which, whenever he is absent, he has

4

the intention of returning." Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)).  Although a person may have more than one residence, "[a]t any given time, a person has but one domicile."  Palazzo ex rel. Delmage, 232 F.3d at 42.

To effect a change of domicile, "two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there."  Linardos, 157 F.3d at 948 (quoting Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 383 (1904)).  "A party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence."  Palazzo ex rel. Delmage, 232 F.3d at 42 (brackets, ellipsis, and internal quotations omitted); see also Nat'l Artists Mgmt. Co., Inc. v. Weaving, 769 F.Supp. 1224, 1228 (S.D.N.Y. 1991) ("A person is born with a particular domicile, and is presumed to retain it unless it can be shown that she has established a new domicile. That rule applies every time a person establishes a domicile.  Where a party has established a domicile, therefore, the burden for demonstrating that a new domicile has been established lies with the person seeking to establish the change.").

To determine a party's intent, a court "must examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." Hicks v. Brophy, 839 F. Supp. 948, 951 (D. Conn. 1993) (internal quotation marks omitted), adhered to on reconsideration, 841 F.Supp. 466 (D. Conn. 1994).  Although "[t]he party's own statements concerning his intentions are relevant . . . they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent."  Hicks, 839 F. Supp. at 951.  Ultimately, the court reviews the "totality of the

evidence" and considers multiple factors.  Id.  While no single factor can conclusively establish a party's domicile, relevant factors include where the person is employed, exercises her civil and political rights, pays personal taxes, maintains bank accounts, obtained a driver's license, and maintains real and personal property.  Id.  Additionally, the court may consider "whether the person owns or rents his place of residence, how permanent the residence appears, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc."  Id. (citing Nat'l Artists, 769 F.Supp. at 1228).

Diversity is determined "at the time the action is commenced."  Linardos, 157 F.3d at 947.  The party seeking to invoke the court's diversity jurisdiction bears the burden of proving by a preponderance of the evidence the existence of complete diversity.  McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations."  Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) (quoting Linardos, 157 F.3d at 947).

## IV.  DISCUSSION

Francois contends that the court has subject matter jurisdiction over this case pursuant to section 1332(a)(1) of title 28 of the United States Code because the parties are citizens of different states and the amount in controversy exceeds $75,000.  Compl. ¶ 4.  The parties do not dispute that Poole is a citizen of Connecticut.  The question, then, is whether Francois is also a citizen of Connecticut.  If so, this action must be dismissed.  If not, the court must deny Poole's Motion to Dismiss for lack of subject matter jurisdiction.

To start, the court has no difficulty concluding that, prior to his moving to New York in 2018, Francois was domiciled in Connecticut.  Francois had practiced medicine in Connecticut since at least 2004.  He was already living in Connecticut when he purchased a home in Hamden, Connecticut in 2008, and he and Poole lived there together during their marriage.  Francois's minor children live in Connecticut.  Moreover, the record bears no mention of Francois having ties to any state other than Connecticut prior to his moving to New York in 2018.

Francois does not argue that he was domiciled somewhere other than Connecticut prior to being moved to New York in June 2018.  Rather, Francois's contention is that, by the time he filed his Complaint on June 3, 2020, he was a New York domiciliary.  Opposition at 6.  Given that Francois is alleging a change in domicile, it is his burden to show, by clear and convincing evidence, that he had "the required intent to give up the old and take up the new domicile" prior to filing his Complaint. Palazzo ex rel. Delmage, 232 F.3d at 42 (brackets and ellipsis omitted); see also Nat'l Artists, 769 F.Supp. at 1228 ("Where a party has established a domicile, therefore, the burden for demonstrating that a new domicile has been established lies with the person seeking to establish the change."); Linardos, 157 F.3d at 947 (stating that diversity is determined by the citizenship of the parties at the time the action is commenced).  In other words, Francois must demonstrate that he possessed the requisite intent to remain in New York sometime prior to filing his Complaint.  See Palazzo ex rel. Delmage, 232 F.3d at 42 (stating that "the intention to remain" in the new place is "indispensable" to effecting a change in domicile).

7

Francois has failed to carry his burden. Francois's representations in the conservator proceeding in the Hamden-Bethany Probate Court and in the dissolution action in Connecticut Superior Court, and the relative lack of other evidence indicating an intent to remain in New York, prevent the court from concluding that Francois was a New York domiciliary at the time he filed his Complaint.

Beginning with Francois's representations in the state court proceedings, on August 10, 2018, roughly two months after his move to New York, Francois filed an "Emergency Motion for the Removal of Involuntary Conservator" in the Probate Court. See Exhibit F to Mot. In that motion, Francois represented that "Ms. Pool [sic] moved [him] from his home in Connecticut to his parent's [sic] house in New York without the permission of the court and will not give him access to his home." Id. at 2 ¶ 5(b). He requested "[a]n order from the Court that he be allowed to live in his home in Connecticut in Guilford or his [Hamden, Connecticut] home whichever he chooses." Id. at 3 ¶ 4.

On October 3, 2018, Francois filed a "Motion for Access to Children" in the Probate Court. Motion for Access to Children, Exhibit G to Mot. (Doc. No. 13-11). In that motion, Francois represented that he was "moved out of state, against his will." Id. at 1. He requested that the court grant him "access to his children . . . until he is moved back to Connecticut." Id. That same day, Francois also filed a "Motion for Access to Funds for Living Expenses" in the Probate Court. Motion for Access to Funds for Living Expenses, Exhibit H to Mot. (Doc. No. 13-12). In that motion, Francois represented that he "was moved to New York by [Poole] against his will" and that, "[u]nfortunately, he is

8

still in New York." Id. at 1 ¶¶ 1, 3.  Among other things, he requested from the court that he "be allowed to move back home." Id. at 2 ¶ 1.

On December 13, 2019, Francois filed a "Motion for Parenting Time – Pendente Lite" in Connecticut Superior Court.  Exhibit I to Mot.  In that motion, Francois represented that he "has secured a location in Connecticut where he can stay and spend time with his children pendente lite." Id. ¶ 3.  That same day, Francois filed a "Motion for Order Exclusive Possession of 1080 Whitney Avenue Property Pendente Lite" in Connecticut Superior Court.  Exhibit J to Mot.  In that motion, Francois represented that he "needs to move back to Connecticut and has not been able to move due to [Poole's] control of his property." Id. at 2.  Among other things, he requested that Poole "be ordered to turn the keys and control of the property over to [him], and to take all necessary steps to transfer any utilities or other control to [him]." Id.

These representations evidence Francois's intent and manifest efforts to leave New York and return to Connecticut.  Francois nonetheless attempts to minimize the import of these representations.  Essentially, he argues: (1) that these representations were made many months before he filed his Complaint in this court and therefore do not evidence his intent as of that date; and (2) that these motions were unsuccessful, implying that they should be accorded little or no weight.  These arguments miss the point.  While it is true enough that roughly six months elapsed between the last of these representations and the filing of Francois's Complaint, these representations strongly suggest that, for at least his first year-and-a-half in New York, Francois felt he was there "against his will" and was actively seeking to return to his "home" in Connecticut.  That

these motions were "unsuccessful" in no way negates the intent therein expressed.[1]  As for the six months following the last of these representations, the court reiterates that the burden is on Francois to affirmatively show that, sometime prior to filing his Complaint, his intention, as clearly reflected in the state court pleadings just described, had changed and that he intended to remain in New York.  Palazzo ex rel. Delmage, 232 F.3d at 42 (stating that, in addition to proving actual acquisition of a residence in the new locality, "[a] party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile" (brackets, ellipsis, and internal quotations omitted)).  Francois does not point to any similarly clear statement of intent to remain in New York made any time prior to his Complaint.

Unable to marshal any such expressions of intent, Francois attempts to support his claim of New York citizenship by pointing to other, indirect evidence.  He maintains that he is registered to vote in New York, has a New York driver's license, and receives mail at his New York address.  Opposition at 4.  These facts are no doubt of some relevance.  See Hicks, 839 F. Supp. at 951-52.  However, seen in the light of Francois's clear and consistent representations in the state court proceedings, they are insufficient to carry Francois's burden to show by clear and convincing evidence that he intended to remain in New York at some time prior to filing his Complaint.[2]

---

[1] Further, the court questions Francois's characterization of his December 13, 2019 motion for possession of his Hamden property as "unsuccessful."  Francois bases this characterization on his assertion that the motion "has been pending for more than 8 months" and thus "remains outstanding."  Opposition at 6.  In the court's view, a pending motion cannot fairly be characterized as unsuccessful.

[2] This conclusion is further supported by the fact that Francois fails to state when he registered to vote in New York, when he obtained his New York driver's license, and when he began receiving mail at his New York address.  The court would view these facts differently depending on when they materialized.  If, for example, these facts materialized following Francois's December 13, 2019 motion, they might tend to reflect a departure from Francois's previous efforts and expressed intent to leave New York, as evidenced in that motion and those filed prior to it.  Such an inference would be foreclosed,

Finally, Francois claims that he is a New York domiciliary because he "must reside at his parents' house for the foreseeable future because he has no financial resources to afford to rent space in Connecticut." Opposition at 4.  This assertion is partially undercut by his "Motion for Parenting Time – Pendente Lite", in which he represented in Connecticut Superior Court that he "has secured a location in Connecticut where he can stay and spend time with his children pendente lite." Exhibit I to Mot. ¶ 3.  It is further undercut by the fact that Francois's Motion for Exclusive Possession for his Hamden, Connecticut residence is still pending in Connecticut Superior Court.  Opposition 6.  In any case, Francois's claim that he must reside at his parents' house for the foreseeable future does not evince an intent to give up his old domicile and remain in New York.

In sum, the court concludes that Francois has failed to demonstrate by clear and convincing evidence an intent to change his domicile from Connecticut to New York.[3]  As such, he is still domiciled in, and is therefore a citizen of, Connecticut.  Because both Francois and Poole are citizens of Connecticut, the court does not have diversity jurisdiction.

---

however, if, for instance, these facts materialized within Francois's first few months in New York, and he subsequently continued to file motions expressing an intent to leave New York.  Thus, without an understanding of when these facts materialized, the court gives this already meager support less weight than it otherwise might.

[3] Though a plaintiff generally must prove subject matter jurisdiction by a preponderance of the evidence, Makarova, 201 F.3d at 113, a plaintiff alleging a change in domicile must, as noted above, demonstrate such a change by clear and convincing evidence, Palazzo ex rel. Delmage, 232 F.3d at 42.  The court has concluded that Francois has failed to meet the clear and convincing evidence standard.  However, even viewing Francois's change-in-domicile allegation through the lens of the preponderance standard, the court would still conclude that Francois has failed to carry his burden to show that his domicile changed from Connecticut to New York sometime prior to filing his Complaint.

## V. CONCLUSION

For the foregoing reasons, Poole's Motion to Dismiss (Doc. No. 13) is GRANTED.

**SO ORDERED.**

Dated at New Haven, Connecticut this 13th day of November 2020.

        /s/  Janet C. Hall
Janet C. Hall
United States District Judge